HENRY A. MEETZE *vs.* W. PADGETT AND ANOTHER.

A Chancellor had power, in ordering a sale for foreclosure, to direct the sale to be made by any officer of the Court, or even by one who was not an officer (*a* )

So much of an order for sale as designates the officer or person by whom it is to be made is administrative, and may be modified, changed or rescinded by a succeeding Judge.

BEFORE PLATT, J., AT EDGEFIELD, FEBRUARY TERM, 1869.

The facts of the case, and the point made by the appeal, are fully stated in the opinion of the Supreme Court, delivered by the Chief Justice.

*Bacon,* for appellant.

*Norris,* contra.

---

(*a.*) The law now provides that sales of real estate shall be made in the County where it lies by the Sheriff of the County, or by a referee. See Code, § 310, p. 490.  R.

May 8, 1869.   The opinion of the Court was delivered by

Moses, C. J.   Under the bill which was filed for the foreclosure of a mortgage of certain real estate, His Honor Chancellor Johnson directed a sale of the premises to be made "by the proper officer of the Court."

On February 12, 1869, His Honor Judge Platt, sitting in the Circuit Court of Common Pleas, which now exercises equity jurisdiction, ordered the sale, so, as above directed, to be made by the Sheriff of the County, on the terms prescribed by the former order.

The defendants appeal, and the only question submitted to this Court is as to the validity of the said order of Judge Platt.

We propose to confine ourselves to the point thus made.

It is, and must be, assumed that Chancellor Johnson had the power to designate the person to make a sale ordered by his own Court.   He was not confined to the Sheriff or any other officer under his control and direction.   In fact, he may have selected some person not an officer of the Court, who, on acceptance of the appointment, would, *quoad hoc*, have maintained to the Court the relation of an officer.   The delegation of this mere ministerial duty was entirely within the control of the Court.

So much of the order as is in question here, is of that class known and recognized as merely administrative.   It may not only be modified or changed by a succeeding Judge, but may be rescinded, provided he has jurisdiction in the subject-matter.—*Pell* vs. *Ball*, 1 Rich. Eq., 361.

The motion is dismissed.

*Willard*, A. J., concurred.